## ALICE M. EAKER, Respondent, v. THOMAS B. HARVEY, Appellant.

**St. Louis Court of Appeals, November 2, 1915.**

1. **GUARDIAN AND WARD: Encumbrance of Property: Power of Probate Court.** The probate court has no power to authorize the sale or encumbrance of the property of a minor ward, except for his education, support and maintenance, or for investment, and hence a deed of trust, executed by the guardian and curator of minors, to secure a fee of an attorney engaged in litigation involving their property, was void, notwithstanding it was executed pursuant to an order of the probate court.

2. **COVENANTS: Action for Breach: Common Source of Title: Estoppel.** In an action for damages for the breach of covenants warranting the title to real estate, it was shown that defendant, the grantor, had obtained a trustee's deed to the land, upon foreclosure of a deed of trust executed by the guardian and curator of minor heirs, pursuant to an order of the probate court, which deed of trust was void because the court had no power to authorize its execution, and that the heirs afterwards demanded possession of the land from plaintiff and plaintiff surrendered possession to them. *Held*, that defendant was estopped to deny that the heirs were the holders of the paramount title, in the absence of evidence tending to show a valid conveyance executed by them subsequent to the date of the deed under which defendant claimed title.

3. **NAMES: Identity of Parties.** Identity of names is, in the absence of proof to the contrary, identity of person.

4. **COVENANTS: Action for Breach: Evidence: Judgment in Ejectment.** A judgment in ejectment against the *terre* tenant, when the covenantor in the deed is made party to the suit, is to be received in evidence, in an action for breach of covenants of warranty, as concluding the question of paramount title.

5. **———: ———: Surrender to Paramount Title.** A covenantee whose title has failed may recover of the covenantor for the breach, notwithstanding there has been no judgment in ejectment against him, by showing a surrender to a paramount title.

6. **———: ———: ———: Facts Stated.** In an action for damages for the breach of covenants warranting the title to real estate, it was shown that defendant, the grantor, had obtained a trustee's deed to the land, upon foreclosure of a deed of trust executed by the guardian and curator of minor heirs pursuant

to an order of the probate court, which deed of trust was void because the court had no power to authorize its execution; that the minor heirs, after demanding of plaintiff that she surrender possession of the land to them, brought an action of ejectment against plaintiff, of which action defendant was duly notified; that the heirs obtained a judgment in this action, which, however, was defective for failure to describe the land; that the sheriff, acting upon a writ of restitution issued upon this defective judgment, demanded possession of the land, and plaintiff surrendered it to him, for the heirs, who thereupon assumed possession, believing that she was doing so in compliance with the judgment; and that plaintiff, who did not employ an attorney in that action, was not notified by the attorneys who defended the action under employment of defendant, as she should have been, of the defect in the judgment. *Held*, under these facts, that, notwithstanding the judgment was insufficient to support a writ of restitution, plaintiff was nevertheless warranted in yielding possession to the sheriff for the heirs, who held the paramount title and were lawfully entitled to possession, and hence it is *held* that plaintiff was entitled to recover.

7. **EJECTMENT: Judgment: Necessity of Describing Land Involved.**   A judgment, in an action of ejectment, which fails to describe the land involved will not sustain a writ of restitution; but it is not void and it may be amended.

8. **APPELLATE PRACTICE: Harmless Errors.**   Under Sec. 2082, R. S. 1909, matters of form should not be allowed to overshadow matters of substance and the courts should not lose sight of the very right of a case and sacrifice it to a quibble.

Appeal from St. Louis Circuit Court.—*Hon. George H. Shields,* Judge.

AFFIRMED.

*R. P. & C. B. Williams* for appellant.

(1)   This being a suit for breach of a covenant of warranty in a deed, and plaintiff having been put in possession by the defendant, she could not voluntarily yield up the possession to the detriment of the defendant without legal claim or demand therefor.   Morgan v. Railroad, 63 Mo. 129.   (2)   The judgment in the ejectment suit being void, no right of any character could be based thereon.   The sheriff himself was a

trespasser if he had an execution or writ of restitution issuing from this void judgment. Freeman on Judgments, sec. 117. (3) It devolved upon the plaintiff to show an ouster from the possession of the property turned over to her by the defendant. This is a prerequisite of the right to sue for breach of covenant of warranty, unless the owner and holder of the paramount title has made demand for the possession of the property. In such case, proof of ownership at the time of the party to whom possession was delivered is incumbent upon the grantee. Morgan v. Railroad, 63 Mo. 129; Leet v. Gratz, 92 Mo. App. 422; Pence v. Gabbert, 63 Mo. App. 306; Wheeler v. Overshiner, 110 Mo. 108; Glasgow v. Baker, 14 Mo. App. 205. (4) The defendant is not estopped to deny the title of parties who executed deed of trust to him, after sale and purchase under the deed of trust. This being true, there is a total failure of proof as to paramount title in the parties to whom the possession was given; there is no proof that they ever had any title to the property; there is no proof that they have title to the property to-day; there is no proof that they are the same parties who claimed the property at the time the deed of trust was executed. Cutter v. Waddingham, 33 Mo. 282.

*Grant & Grant* for respondent.

(1) The only contingencies in which the land of a minor may be sold under an order of the probate court having jurisdiction of the estate, are for the education, support and maintenance of the minor, or for reinvestment. Leet v. Gratz, 92 Mo. App. 422. The real estate of the minor may be mortgaged for no other purpose than the education, support and maintenance of the minor, even though authorized by an order of the probate court. This is true, even if the purpose of the mortgage is to pay a pre-existing encumbrance. Capen v. Garrison, 193 Mo. 335. (2) As the defendant had

no title whatever to the property in controversy when he executed and delivered the warranty deed to this plaintiff and her husband as owners in the entirety there was an immediate breach of the covenant of seizin. Cockrell v. Proctor, 65 Mo. 41. (3)   Actual eviction or actual dispossession by process of law consequent upon a judgment is not necessary to enable a covenantee to maintain an action for breach of the covenant of warranty.   Morgan v. Railroad, 63 Mo. 129; Leet v. Gratz, 92 Mo. App. 422; Rawle on Covenants of Title (5th Ed.) sec. 134-136.   (4)   While it may be true that as between grantor and grantee the grantee is not estopped to deny the title of the grantor, yet an estoppel by deed does arise in favor of the grantee as against the grantor in a proceeding of this character.   Steele v. Culver, 158 Mo. 136; Adams v. Wilders, 107 Mass. 133; Bank v. Keaney, 134 Mo. App. 74; 16 Cyc., p. 686.

REYNOLDS, P. J.—Respondent, plaintiff below, brought her action against the defendant, now appellant, to recover damages for breach of covenants of warranty of title to a certain lot in Malden, Dunklin county, this State, known as the east half of outlot number twenty, in that city, conveyed to her and her husband by defendant by a general warranty deed. Averring that her husband had since died and that the title had vested in plaintiff, she avers that she had entered into possession of the premises, and in June, 1907, had relinquished possession thereof to certain parties, here, for brevity, designated as "the Haynes heirs," they claiming by an older and better title and on which, on April 1, 1905, they had brought an action in ejectment against this plaintiff to recover possession of the lot, of which action defendant here had due notice and opportunity to defend and did in fact enter his appearance for the purpose of defending, but had failed and neglected to make any defense therein; that the Haynes heirs, having a better title to the premises, they there-

upon lawfully entered into the possession thereof; that on January 10, 1903, and ever since that time these parties had and have continued to have the lawful right to the premises by an older and better title; that the costs in the action amounted to $14, which plaintiff has been compelled to pay and that by reason of the premises plaintiff has been damaged in the sum of $400, for which she prays judgment.

The answer, after a general denial, pleads the Three-year and Five-year Statute of Limitations.

The fact of filing the action in ejectment by the Haynes heirs against the plaintiff as alleged, was in evidence, the petition describing the lot and asking for possession and damages. It was in evidence that defendant had been notified of the pendency of the action and had employed the counsel who conducted the defense therein in the name of Mrs. Eaker, and while it was conceded that judgment had been rendered against this plaintiff in that action, it appeared that the judgment omitted any description of the premises. It is also in evidence that, purporting to act under an execution or writ of restitution which was issued in the action of ejectment in favor of the plaintiffs therein and against this plaintiff, the sheriff of the county, some time in June, 1907, with the execution or writ of restitution which had been issued under that purported judgment, had gone to this plaintiff and demanded possession of the premises in behalf of the Haynes heirs, plaintiffs in the ejectment, and that thereupon plaintiff had surrendered the possession of it to him and that the Haynes heirs had been in possession of it until they subsequently sold it to another party and that plaintiff in this action had never been in possession of it since June, 1907. It was also in evidence that the defendant herein, an attorney at law, had, in connection with another attorney, rendered services for the Haynes heirs and possibly their father, in the United States Circuit Court, as it then was, for which a fee

was due, and that to secure the payment of this fee the guardian and curator of the Haynes heirs, who were then minors, had, under the purported authority of the probate court of Dunklin county, "made a note for $300 in favor of Mr. Harvey, the defendant here, and to secure it, had executed a deed of trust upon the lot in question; that note not being paid when due, the trustee, acting under the provisions of the deed of trust, had sold the lot and defendant purchased it, the trustee executing a deed to him, and that Mr. Harvey had thereupon conveyed the lot described to plaintiff and her husband by a statutory general warranty deed, of date January 10, 1903, in consideration of $400.

The records of the probate court authorizing the guardian and curator of the Haynes heirs to make the note and deed of trust were in evidence.

It is recited by the guardian and curator in the petition on which the above order was made by the probate court, that there was pending in the United States Circuit Court an action in attachment against all the real estate of the minors, seeking to subject it to alleged indebtedness of their father; that unless that action was properly defended the property of the minors would be sacrificed; that Thomas B. Harvey, an attorney, had been retained to defend the litigation and the fee agreed to be paid him was $300; that this attorney demanded that the payment of this fee be secured by deed of trust upon the east half of outlot number twenty in the city of Malden; that the curator believed and is advised that the interests of the minors (Haynes heirs) require that such deed of trust be executed and he prayed for an order of court authorizing and empowering him to execute a note in the sum of $300, payable to the order of Harvey, due twelve months after date and for an order empowering him to execute and deliver to Harvey a deed of trust on the lot securing payment thereof. Afterwards alleging that a mistake had been made as to the amount of the fee, the guardian

and curator asked that he be empowered to make an additional note for $200. No order appears to have been made on this application for power to make a second note, and, as said, the deed of trust secures only a $300 note. The probate court thereupon made an order authorizing the guardian and curator "to borrow the sum of $300 for the purpose of carrying on the litigation and to execute as security therefor a deed of trust" on the lot described. It was under this order that the deed of trust was made by the guardian and curator of the Haynes heirs, and at a sale thereunder Harvey purchased.

It was also in evidence that after Mrs. Eaker had been dispossessed or had surrendered possession of the premises, Mr. R. P. Williams, who was the attorney associated with Mr. Harvey in the suit in the United States Court, and who, representing Mr. Harvey, had employed the firm of attorneys who defended the action of ejectment, went to the county seat of Dunklin county and examined the record and files in the ejectment action and then discovered the form of the judgment which had been rendered in that action, and returning to St. Louis advised Mr. Harvey that in his opinion that judgment was void.

This is practically all the material evidence in the case.

At the conclusion of the trial, which was before the court, a jury having been waived, the court, at the instance of plaintiff, gave three declarations of law.

It also gave three declarations of law at the instance of the defendant.

We do not think it necessary to set out any of these here, but shall hereafter set out the substance of the third declaration given at the instance of plaintiff, upon which defendant particularly assigns error.

Defendant also asked a declaration of law to the effect that if the court, sitting as a jury, found from the evidence that at the time plaintiff delivered pos-

session of the property described in the deed from defendant to plaintiff and her husband, to the Haynes heirs, that the Haynes heirs were not the owners of a superior or paramount title, the plaintiff cannot recover.

Defendant further asked the court to declare as a matter of law that under the evidence in the case, the verdict and judgment should be for defendant. These were refused.

Defendant objected and excepted to the refusal of these declarations and to the giving of those asked by plaintiff.

The court found for plaintiff and entered up a judgment in her favor in the sum of $400, with interest from January 3d, 1903, amounting to $238.40, an aggregate of $638.40. From this the defendant, his motion for a new trial overruled, duly appealed.

Learned counsel for appellant assign four grounds why this judgment should be reversed and judgment be here entered for defendant.

First, that this being a suit for breach of covenant of warranty and plaintiff having been put in possession by defendant, she could not voluntarily yield up the possession to the detriment of the defendant without legal claim or demand therefor.

Second, the judgment in the action in ejectment being void, no right of any character could be based thereon; that the sheriff himself, who had made the demand of possession of plaintiff, was a trespasser if he at the time had an execution or writ of restitution upon the void judgment.

Third, that it devolved upon plaintiff to show an ouster for possession of the property turned over to her by defendant; that this is a prerequisite for the right to sue for breach of the covenant of warranty unless the owner and holder of paramount title has made demand for possession of the property. In such case proof of ownership at the time of the party to whom

possession was delivered is incumbent upon the grantee.

Fourth, that defendant is not estopped to deny the title of parties who executed the deed of trust to him after sale and purchase under the deed of trust, and that this being true there is a total failure of proof as to paramount title in the parties to whom the possession was given; there is no proof that they ever had any title to the property; there is no proof that they have title to the property to-day; there is no proof that they are the same parties who claimed the property at the time the deed of trust was executed.

We may remark, before considering these assignments, that it is rightly conceded that the deed of trust from the guardian and curator of the Haynes children was absolutely void. The probate courts of our State have no power to authorize the sale or incumbrance of the property of minor wards except for the education, support and maintenance of the minor or for investment. So our Supreme Court held in Capen v. Garrison, 193 Mo. 335, l. c. 348 et seq., 92 S. W. 368, and so our court held in Leet v. Gratz, 92 Mo. App. 422, l. c. 436, and following.

Notwithstanding that, all the title which the defendant here had to this lot, so far as appears, came through this deed, and that title was that of the Haynes heirs, acting or assuming to act through their guardian and curator. So they stood as grantors of defendant; he acquired all the title he had through a purchase at a sale under the deed of trust made by the trustee. With this fact in evidence, the court, at the instance of plaintiff, gave the third declaration of law, in which it declared that "if the parties from whom defendant derived title or claimed to derive title . . . are the same parties as those who demanded possession and to whom possession was given by plaintiff of the premises in question, then defendant is estopped to deny

192 App. 45

that they (were) the holders of the paramount title in the absence of evidence tending to show valid conveyance by these parties of their title since the date of the deed under which the defendant claimed or claims title.''

We are referred to no case that precisely covers this. It is true that in Cutter v. Waddingham, 33 Mo. 269, l. c. 282, our Supreme Court held ''that a vendee holding by deed, holds adversely to his vendor, and is not estopped to deny his vendor's title.'' The cases referred to in the Cutter case as settling this in our State are Macklot v. Dubreuil, 9 Mo. 473; Joeckel v. Easton, 11 Mo. 118; Landes et al. v. Perkins, 12 Mo. 238, and Blair v. Smith, 16 Mo. 273. In every one of these, as well as in Cutter v. Waddingham, supra, the vendee either relied upon adverse possession, or showed a title superior to that of his vendor. That did not occur here. This defendant showed no outstanding title to defeat that of his grantors. That those grantors were the same persons to whom the plaintiff here, through the sheriff, surrendered possession, is not disputed; they were the Haynes heirs. Identity of name, in the absence of proof to the contrary, is identity of person.

In Steele v. Culver, 158 Mo. 136, l. c. 138, 59 S. W. 67, it is said that ''it requires no citation of authority to show that a man cannot question a title given by himself or hold possession of the land in the face of his own deed.''

In State Bank of West Union v. Keeney, 134 Mo. App. 74, 114 S. W. 553, it is said (l. c. 79), quoting from Adams v. Wilder, 107 Mass. 123: ''A vendor is estopped from setting up a title in a third party, where the assertion of such title is equivalent to the admission of the breach of his part of an implied warranty of title. . . . In a contest between himself and his vendee, he should not now be heard to say that he had no title at the date of the sale, although at that date he asserted to his vendee that he had a good title.''

We see no error in this third declaration.

A judgment in ejectment against the terre tenant *when* the covenantor in the deed is made party to the suit is to be received in evidence as concluding the question of paramount title. It is competent for that purpose.

On the other hand, when no such judgment is given, the covenantee whose title has failed may nevertheless recover for the breach from the covenantor by showing a surrender to a paramount title. As we shall hereafter see, we think that in this case there was enough shown to disclose that plaintiff surrendered to a paramount title and that the judgment may be irregular is unimportant. In other words, plaintiff's right of recovery is sufficiently made to appear by showing that Harvey's title was derived from the Haynes heirs through the void proceeding in the probate court; hence it follows that he is estopped from denying in this suit by his grantee against him for failure of title the validity of the title of his immediate grantor. Harvey cannot dispute that the title he tried to convey to this plaintiff is good; that that is the paramount and the only title, that title under a void proceeding in the probate court.

But it is said that plaintiff here has failed to show ouster of her possession of the property. This on the ground that any execution or writ of restitution which may have been in the hands of the sheriff when he demanded possession was void, as no valid writ could issue on what is claimed to be a void judgment rendered in the action in ejectment.

The judgment in that action in which the Haynes heirs were plaintiffs and this plaintiff defendant, after the title of the cause, and setting out that the parties appeared by their respective attorneys and announced themselves ready for trial, waiving a jury, recites that the evidence being produced, the court finds that defendant (plaintiff here) is indebted to the plaintiffs

(the Haynes heirs) ''in the sum of two hundred sixteen dollars ($216), month's rent and profits to the amount of $600 and possession,'' and it proceeds to adjudge that ''plaintiffs have and recover of and from the defendant the sum of two hundred sixteen dollars ($216), month's rent and profits $600 and possession and the cost of the proceedings and execution issue therefor.'' No lot is described of which possession is awarded. What form of execution issued under this judgment is not in evidence. Concededly this judgment would not, in its shape as entered, sustain an order of restitution for the lot involved, or for any lot, but we do not think it is void; it could have been amended. [Howell v. Sherwood, 242 Mo. 513, l. c. 546, 112 S. W. 50.] Notwithstanding this form of judgment, the sheriff of the county, purporting to have in his hands an execution issued in the cause, and in law acting for the plaintiffs in the execution, the Haynes heirs, demanded the possession of the property, and the plaintiff here turned over that possession to him, presumably for the Haynes heirs, who thereupon entered into possession and so held possession until they subsequently sold it to a third party. Beyond doubt this plaintiff surrendered possession under the belief that she was doing so in compliance of the judgment of the court in the action of ejectment. She was a party to it; she knew that it had gone against her and that the Haynes heirs had prevailed, and when the sheriff demanded possession ostensibly under a writ issued in that case, ignorant of the fact, she surrendered possession. Under this state of facts we think that this plaintiff was authorized and warranted in yielding possession to the sheriff as for the Haynes heirs as lawfully entitled to possession, and that it sufficiently appears that at that time the Haynes heirs held the paramount title.

Mrs. Eaker had, so far as the evidence here discloses, never employed any attorney to defend that action. The attorneys who did defend it were employed

by Mr. Harvey. It does not appear that those attorneys gave her any notice of any defect in the judgment; she was notified by the sheriff, with the execution in his hand, that judgment had gone against her. That judgment, however informal, certainly established the fact that the defense to the action of ejectment was unavailing and that the Haynes heirs had prevailed. All in issue there, outside of monthly rents and damages, was the right of the Haynes heirs as holders of a title paramount to that which Mrs. Eaker held under Mr. Harvey, to the right of possession. The error in entry of the judgment, a misprison of the clerk, surely ought not to foreclose the claim of Mrs. Eaker to the protection of the judgment. She had every reason to believe that it was a judgment, the effect of which was to dispossess her. There is no suggestion that the attorneys in that action, and who were those employed by Mr. Harvey, ever notified her that the judgment was defective and did not warrant her eviction. It is doubtful whether they knew it themselves, or whether any one knew it until Mr. Williams, acting for Mr. Harvey and himself, discovered its defect and that was after Mrs. Eaker had surrendered possession under, as she supposed, and had every reason to suppose, a judgment of the court ousting her.

It was the undoubted duty of the attorneys in the case, employed by and in fact representing Mr. Harvey, to have watched the entry of that judgment and if not one authorizing surrender of possession, it was their duty to have notified Mrs. Eaker of the defect. They gave her no such notice. It is a question which we, however, do not decide, whether, even with that defect in the entry of the judgment, Mrs. Eaker could not have waived it. She knew what was in issue in the action of ejectment. The sheriff coming to her with what purported to be an execution dispossessing her, was notice to her of how the case had ended; that is, in favor of the Haynes heirs and against her, and to avoid further ex-

pense and litigation, it may be that she could waive the defect. Parties are not bound to make useless defenses. It is sufficient to say that acting on the belief of the sufficiency of the judgment, she did surrender possession, and to thóse then holding a paramount title.

Under such a state of facts it would be highly unjust to hold that the surrender of possession by Mrs. Eaker was voluntary. Such a holding would be so technical as to lose sight of the very right of a case and sacrifice that right to a quibble, relegating us to the days when courts were more concerned with forms than substance. Our statute (Revised Statutes 1909, section 2082) forbids this, and our courts are always, in a proper case, glad to obey it.

We see no error in the action of the court in giving the two other declarations of law asked by plaintiff, nor in its refusal to give those asked by defendant: it gave three which covered the view of defendant but found against him on the facts.

Our conclusion on the case is, that the judgment of the trial court is for the right party. That judgment is affirmed. *Nortoni* and *Allen, JJ.,* concur.