HERMAN F. BRINKMAN, Respondent, v. WESTERN AUTOMOBILE INDEMNITY ASSOCIATION, Appellant.

Springfield Court of Appeals, February 28, 1920.

1. **INSURANCE: Refusal of Indemnitor to Defend When not Bound to do so, is not Waiver of Right to Question Liability.** Where the contract of indemnity permitted, but did not require, the indemnitor to defend suits brought against the indemnitee, the refusal of the indemnitor to defend a suit for the stated reason that it was not liable for any recovery therein is not a waiver of the right to question the fact of indemnitee's liability and the reasonableness of a settlement made by him.

2. ———: **Indemnitee can Recover Amount Paid in Fair Settlement of Legal Liability.** Where an indemnity contract permitted, but did not require, indemnitor to defend actions against indemnitee, a compromise judgment in such action entered by consent of indemnitee is not presumptive evidence against indemnitor either as to the fact of indemnitee's liability or as to the reasonableness of the settlement.

3. ———: **Indemnitee can Recover Amount Paid in Fair Settlement of Legal Liability.** An indemnitee is not bound to wait until judgment is rendered against him, but can recover by showing that

is was legally liable, and that the amount of the settlement made by him was reasonable.

4, **TRIAL: Indirect Admission of Excluded Acquittal of Plaintiff of Charge of Drunkenness is Error.** In an action against an indemnity company, where the acquittal of plaintiff of the charge of drunkenness was excluded, as was proper, it was error to permit it to get before the jury indirectly in one of plaintiff's exhibits.

Appeal from Circuit Court of Greene County.—*Hon. Orin Patterson,* Judge.

REVERSED AND REMANDED.

*Allen & Allen* for appellant.

(1) The certificate of insurance sued on is a contract of indemnity against loss from liability and there is no oblication on the part of the defendant to pay the plaintiff until the plaintiff has paid the amount of a final judgment in cash, after a trial of the issues on the merits, as the contract of insurance requires. Conqueror Zinc Co. v. Insurance Co., 152 Mo. App. 332, 338; American Insurance Co. v. Fordyce, 54 Am. St. Rep. 305, 306; Carter v. Insurance Co., 11 L. R. A. (C. N.) S. 1155, 1156. (2) The conditions of this policy are reasonable and just and there must be a full compliance on the part of the Plaintiff before he can recover. Dunham v. Casualty Co., 179 Mo. App. 558, 564; Compton Laundry Co. v. Insurance Co., 195 Mo. A. 313, 323. (3) If the contract of indemnity was breached by the defendant's notice to the plaintiff marked Exhibit B, and that notice be given the effect of a breach on the part of the defenlant, then the plaintiff might settle the Kline case without contesting it to a final judgment. But in the event he does so, and brings suit against the defendant, his indemnitor, the burden is on him to prove that there was a liability on his part and that the settlement was reasonable and made in good faith. White v. Maryland Casualty Co., 123 N. Y. Supp. 840, 1. c. 843-844; Vollman v. Fidelity & Cas. Co., 87 Mo. App. 677; Henderson v.

Maryland Cas. Co., 30 L. R. A. (N. S.) 1105, l. c. 1109-10; Cornell v. Travelers Ins. Co., 67 N. E. 578; Compton Heights Laundry Co. v. Ins. Co., 195 Mo. App. 313, l. c. 322-23; Dunn v. Asphalt Co., 67 N. E. 439; Creem v. Fid. & Cas. Co., 116 N. Y. Supp. 1042, l. c. 1048; Nesson v. Casualty Co., 87 N. E. 191, l. c. 192; Munson v. Insurance Co., 145 Fed. 956; Mayor Lane Co. v. Insurance Co., 155 N. Y. Supp. 75, l. c. 80. (4) The mere fact that the plaintiff ran into the Kline girl with his automobile would not raise a presumption of liability on his part. Presser v. Daugherty, 86 Atlantic, 854; Winter v. Van Blarcorm, 258 Mo. 418, l. c. 424; Frank v. Free, 190 Mo. App. 73, l. c. 81. (5) The law governing the right of a grantee in a warranty deed who yields possession to a third party who claims a paramount title, without contesting the title of the claimant is similar to the law governing contracts of indemnity against loss from tort liability, and the covenants of indemnity differ only as to the specific acts or conditions indemnified against. Henderson v. Maryland Cas. Co., 30 L. R. A. (N. S.) 1105, l. c. 1109; Citing Morette v. Bostwick, 111 N. Y. Supp. 1021. (6) Where the grantee under a warranty deed yields to one who claims paramount title without trying the issues to judgment, the burden is on him to show the claimant's title was paramount. Jones v. Haseltine, 124 Mo. App. 674, 682; Lambert v. Estes, 99 Mo. 604, 608; Hall v. Bray, 51 Mo. 288; Wart v. Ashbrook, 78 Mo. 515. (7) The indemnity association could not have defended this case without waiving the defense of Brinkman's intoxicated condition and the no suit clause is held to apply to cases where the insurer has refused to defend. (See certificate, article 8, section 14,) abstract, p. 32.) Brassail v. Insurance Co., 133 N. Y. Supp. 187; Patterson v. Adan, 48 L. R. A. (N. S.) 1842, l. c. 191; Sanders v. Insurance Co., 57 Atl. 655.

*Harry D. Durst* for respondent.

(1) Defendant denied liability and declined to defend the suit against plaintiff on the sole ground that plaintiff

was intoxicated at the time the accident occurred and this case should stand or fall on that issue. Stone Co. v. Insurance Co., 186 Mo. App. 343; Stone Co. v. Insurance Co., 203 S. W. 822. (2) The defendant having denied liability and refused to defend the suit against plaintiff, plaintiff had a right to defend said suit or effect a settlement, and if made in good faith, the defendant is bound thereby. Stone Co. v. Insurance Co., 186 Mo. App. 340; Stone Co. v. Insurance Co., 203 S. W. 822; Butler Bros. v. Fidelity Co., 120 Minn. 157, 139 N. W. 355; St. Louis Provision Co. v. Casualty Co., 201 U. S. 172, 50 L. Ed. 712; Murch Bros. Construction Co. v. Casualty Co., 190 Mo. App. 513; Railroad Co. v. Southern Ry. News. Co., 151 Mo. 390; Garrison v. Transportation Co., 94 Mo. 137; Strong v. Insurance Co., 62 Mo. 289. (3) The burden is on defendant to show that such settlement was fraudulent or in bad faith. Murch Bros. Const. Co. v. Casualty Co., 190 Mo. App. 517; St. Louis Provision Co. v. Casualty Co., 201 U. S. 172, 50 L. Ed. 712; Railroad Co. v. Southern Ry. News Co., 151 Mo. 390; St. Louis Police Relief Association v. American Bonding Co., 196 S. W. 1148.

BRADLEY, J.—This is a suit on an indemnity policy for loss resulting from liability. On November 14, 1916, and while the policy was in full force plaintiff while driving his automobile on the public square in the city of Springfield ran down one Eva Kline. He reported the fact of his misfortune to defendant in due time. Later the injured party brought suit against plaintiff for damages, and plaintiff forwarded the copy of summons and petition served upon him to defendant. Defendant denied liability under the policy and declined to defend the suit brought against plaintiff on the ground that plaintiff was intoxicated when he injured the Kline girl. There is a provision in the by-laws, which by-laws are a part of the policy, to the effect that no indemnity will be paid if the automobile belonging to the member claiming indemnity was being operated at the time of an accident by a person under the influence of intoxicating

liquors. When the suit by Eva Kline for $5000 damages against plaintiff for her alleged injuries came on for trial, plaintiff Brinkman stipulated with Eva Kline that judgment should be entered against him and in her favor in the sum of $200. The judgment was in evidence in the case at bar, and recites that the court found by the stipulation "that the court shall enter judgment in favor of plaintiff and against defendant in the sum of $200 and for all injuries and damages claimed in her petition." The judgment was entered accordingly, and satisfaction thereof acknowledged in open court. No evidence was introduced tending to show liability on the part of Brinkman for the injuries received by Eva Kline, or that the amount paid was reasonable.

Plaintiff Brinkman brought the present suit on his indemnity policy to recover the $200 paid Eva Kline in satisfaction of her judgment, and for $15 paid by him for medical attention to her and for attorney fees for defending the Kline case, and for prosecuting this cause. The cause was tried below before the court and a jury, and resulted in verdict and judgment in favor of plaintiff and against the defendant association for the amount sued for, and defendant brings the cause to this court by its appeal.

As stated the policy sued on is one indemnifying against loss resulting from laibility. Can plaintiff recover under the circumstances here without showing affirmatively that he was legally liable in damages to Eva Kline? Has defendant waived the right to raise this question? We will dispose first of the question of waiver. If it be found that defendant has waived the right to raise the point that it is not liable because there was no evidence or finding in the Kline case that Brinkman was legally liable in damages to her, then there would be nothing left to determine in this respect. The policy and the by-laws which are a part thereof, do not require that the defendant association defend actions brought against its members for casualties covered; but merely provide that the association "may defend such suit in the name and on behalf of such member." It is conceded in effect by

plaintiff that the defendant association is not required to defend such suits. Plaintiff's contention that defendant has waived the right to raise the question that he did not show legal liability to compensate Eva Kline for her injuries is bottomed upon the proposition that defendant denied liability under the policy on the alleged ground that plaintiff was under the influence of intoxicating liquors at the time. That once having announced its position it must thereafter abide the consequences whatever they may be unless it can avoid them by showing that plaintiff was under the influence of intoxicating liquors.

In support of this contention plaintiff relies upon Stone Co. v. Ins. Co., 186 Mo. App. 318, 172 S. W. 458; S. C., 203 (Mo.) S. W. 822; Butler Bros. v. Fidelity Co., 120 Minn. 157, 139 N. W. 355; St. Louis Provision Co. v. Casualty Co., 201 U. S. 172, 50 L. Ed. 712; Murch Bros. Construction Co. v. Casualty Co., 190 Mo. App. l. c. 513, 176 S. W. 399; Railroad Co. v. Southern Ry. News. Co., 151 Mo. 373, 52 S. W. 205; Garrison v. Transportation Co., 94 Mo. 130, 6 S. W. 701; Strong v. Insurance Co., 62 Mo. 289. In the policy contract in the Stone Company case the insurer agreed to defend in the name and on behalf of the assured any suits which at any time might be brought on account of injuries insured against, although such suits were "wholly groundless, false or fraudulent." The company in that case did not defend because it claimed that it did not have notice. In view of the policy contract, or rather the by-law provision which is a part of the policy contract, in the case at bar, we can see no support for plaintiff's contention in the Stone Company case or any other case cited, or that we have found. By the contract defendant did not agree to defend, but merely reserved the right so to do if it desired. It is stated in the dissenting opinion of FARRINGTON, J., l. c. 343, in the Stone Company case, which opinion was adopted by the Supreme Court that 'the only denial of liability at that time was based on the proposition that no notice of the injury had been given, and it seems to me that the Stone

Company's action against the insurance company should stand or fall on the question of the giving of the notice. If the insurer did get the notice, it was liable for the amount of the judgment recovered by Perry.'' But the judgment there spoken of was not one by stipulation, but was by default after inquiry by the court on the question of damages. Also in the Stone Company case the insurer not only agreed to defend, but the policy contract put the whole defense in the hands of the insurer and precluded the insured from doing anything without the consent of the insurer. In most of the cases cited, supra, where an indemnity policy was involved the insurer had agreed to defend and reserved this right exclusively, and breached that agreement in failing to do so; but in the instant case defendant breached no contractual obligation in not defending the damage suit against plaintiff. We find no authority in any case for the contention that defendant under the circumstances here would be precluded from defending on the ground that plaintiff was not legally liable to Eva Kline. Where there is a contractual obligation to defend, the cases hold generally that if the insurer breaches this obligation that the insured may in good faith make the best settlement he can, and recover the amount paid on such settlement from the insurer, unless it be shown by the insurer that no recovery could have been had on the merits of the casualty case giving rise to the action against the indemnitor. It seems to be the law that if the indemnitor is obligated to defend, and fails to do so, that any settlement the insured may make that has on its face the appearance of being reasonable would be prima-facie evidence that the insured was legally liable in the casualty settled for, and that the settlement he made was reasonable. In Butler Bros. v. American Fidelity Co., 139 N. W. (Minn.) 355, cited supra, speaking of this question the court said: ''But where the insurer has agreed to settle or defend all claims within the policy, 'even if groundless,' and has refused to do either, thus breaching its contract, and compelling the insured to defend the action, we hold that

the insured may in good faith make a settlement of the action, and may recover the amount paid on such settlement of the insurer, unless it is made to appear affirmatively that there could have been no recovery had the action been tried. It may well be that a different rule should apply where there is merely the relation of indemnitor and indemnitee, and no positive agreement to defend an action, and no breach of that agreement.''

In Railroad Co. v. Southern Ry. News. Co., 151 Mo. 373, cited supra, it does not appear directly that the indemnitor there had agreed to defend; but indirectly it does so appear for the court quotes from Strong v. Ins. Co., 62 Mo. 289, that where one is bound to protect another from a liability, he is bound by the result of a litigation to which such other is a party, provided he had notice of the litigation, and opportunity to control and manage it. In the News Company case the court said l. c. 390: ''That the defendant was notified of the pendency of the litigation which resulted in the judgment against the plaintiff for $5000, on a liability against which the defendant by its contract had agreed to indemnify it, and was afforded ample opportunity to control and manage that litigation if it had seen proper to do so, was abundantly shown by the evidence, and was so found by the court (13th finding). The fact that the amount of the judgment was determined by agreement would not take the judgment without the protection of the defendant's covenant 'to indemnify the plaintiff for all damages to which it may be subject or which it may have to pay.' The only effect the consent could have would be to reduce the judgment from conclusive to presumptive evidence only of the defendant's liability on its contract, and of the amount thereof, and to afford it the right and privilege of showing either that the judgment was procured by a fraudulent collusion, was not founded upon a legal liability, or that it exceeded such liability. [Connor v. Reeves, 103 N. Y. 527.] This the defendant did not attempt to show, but on the contrary it affirmatively appeared from the evidence, and

the court found that the settlement was made in good faith, that there was legal liability for which the judgment was rendered, and that the amount thereof was reasonable.''

The language last quoted clearly indicates that defendant in the case at bar is not precluded from defending on the ground that plaintiff was not legally liable.

If defendant has not waived this question, and we have found that it did not, then it necessarily follows that under the policy contract, before plaintiff can recover, he must show that he was legally liable to Eva Kline; and that the settlement he made was reasonable, unless the settlement he made, and the circumstances under which he made it make his case against his indemnitor prima facie, and thus shift the burden. In the Stone Company case it appears that ''the plaintiff offered in evidence the policy and the judgment, and proved payment thereof, and went into the question of its liability to Perry, and the amount that Perry was damaged,'' thus apparently assuming the burden. In the instant case defendant in its brief practically concedes that it would be liable to plaintiff for the items mentioned in his petition if plaintiff was legally liable to Eva Kline, and the settlement was in good faith, and the amount paid is reasonable, and also that the amount paid and demanded as attorney fees is reasonable. The court at the request of plaintiff instructed the jury that if they found that plaintiff was the beneficiary under the policy, and that the policy was in force on November 14, 1916, and that on that date Eva Kline was injured by plaintiff while operating his automobile, and that she brought suit alleging negligence against plaintiff, and recovered judgment pursuant to a compromise, and that the sum recovered and paid was reasonable, etc., then the verdict would be for plaintiff. At the close of plaintiff's case in chief, and at the close of the whole case, defendant requested an instruction in the nature of a demurrer. It appears to us plain that under the facts and the policy sued on here, plaintiff was required to affirmatively establish that he was legally

liable in damages to Eva Kline for the injuries sustained by her. The question of reasonableness, etc., should also be submitted, but defendant does not make complaint so much about the reasonableness of the amount claimed by plaintiff, as that he recovered without being required to show that he was bound to pay anything for the casualty giving rise to this litigation. We think that this case falls squarely within the exceptions mentioned in the last part of the language quoted from the Minnesota case of Butler Bros. v. American Fidelity Co., supra. So far as defending any action is concerned the contract sued on here created no relation between the parties except that of the indemnitor and indemnitee.

The relation of the indemnitor and indemnitee, plaintiff and defendant in the case at bar is similar to that of covenantor and covenantee in a breach of warranty case. The covenantee in such case in order to recover does not have to wait until judgment in ejectment has been rendered against him, but he can recover by showing the purchase or surrender to a superior or paramount title. [Baker v. Hovey, 192 Mo. App. 697, 179 S. W. 985; Ward v. Ashbrook, 78 Mo. 183.] And so in the case at bar plaintiff can recover by showing that he was legally liable to Eva Kline, and that the amount of the settlement he made, and the other items demanded are reasonable, and the burden is on him to so show.

Both parties cite numerous cases, but the issue here seems simple and clear cut, and it is unnecessary to go into a further discussion of cases. Defendant complains about evidence that plaintiff was acquitted in the police court upon the charge of drunkenness getting before the jury in one of plaintiff's exhibits, and on the cross examination of the witness Swinney. The learned trial court sustained objections to this evidence when a direct attempt was made to get it before the jury, and that such evidence is incompetent is not questioned, so plaintiff will not be permitted to do indirectly what he cannot do directly. This evidence should not be admitted. Since the case must be retried we remind plaintiff

that he has not specifically pleaded that he was legally liable, and he may amend if he desires. No point, however, is made on the pleadings. The cause is reversed and remanded.

*Sturgis, P. J.,* concurs. *Farrington, J.,* concurs in reversing and reanding this judgment because of the admission of evidence concerning plaintiff's acquittal.